Donald Lee BARNES, Plaintiff in Error,

v.

OKLAHOMA CITY, Defendant in Error.

No. A–17136.

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1972.

Rehearing Denied March 17, 1972.

Charles W. Stubbs, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, City of Oklahoma City, David M. Curtis, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Donald Lee Barnes, hereinafter referred to as the defendant, was charged, tried, and convicted in the Municipal Criminal Court of Record of the City of Oklahoma City for the offense of Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor; he was sentenced to serve fifteen (15) days imprisonment, and to pay a fine of One Hundred Dollars ($100.00) and costs, and he appeals.

Although this cause was filed on December 2, 1971, no brief was filed within the time provided by law, nor a valid extension thereof, but instead, defendant filed an application to submit the cause based upon the Record. Under such circumstances, we follow the rule that where no briefs are filed within the time allowed by the rules of the Court, or a valid extension thereof, the Court will examine the Record for fundamental errors only, and if no error appears, the judgment and sentence will be affirmed.

We have carefully reviewed the Record, and find no error that would justify modification or reversal. The judgment and sentence is accordingly affirmed.

SIMMS, J., concurring.

BRETT, J., specially concurring.

BRETT, Judge (specially concurring):

The facts of this case clearly presented a question of fact for the jury to determine, between the testimony of the arresting officer and that of the defendant, whether or not the defendant was driving while under the influence of intoxicating liquor. Defense counsel objected to the admission of testimony concerning the breathalyzer test, and the test results, which showed .22% by weight of alcohol in defendant's blood at the time the test was taken, as being unconstitutional in that such violated defendant's constitutional rights against self-incrimination. However, this Court held in Bailey v. City of Tulsa, Okl.Cr., 491 P.2d 316 (1971):

"We therefore hold that under the Oklahoma Implied Consent Law, 47 O.S. Supp.1970, §§ 751–760, the motorist is not compelled in violation of his right against self-incrimination to give evidence which will tend to incriminate him if he elects to take a blood or breath test for intoxication as he consents to the admission in court of the result of such a test; and that revocation of the privilege to operate a motor vehicle for six months upon refusal to take a test for intoxication does not compel the defendant to give evidence in violation of his right against self-incrimination." At page 319.

I must, therefore, concur in this opinion that the judgment and sentence should be affirmed. However, insofar as the defendant works by the hour in the construction industry and has a wife and six children dependent upon him, notwithstanding the fact that defendant's first application for suspension of sentence was denied, the provisions of 22 O.S.1965, § 994, are commended to defense counsel for further consideration.